**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **HUDSON SPECIALTY INSURANCE CO.,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** |
| | **5:18-cv-00104-TES** |
| **SNAPPY SLAPPY LLC d/b/a JUS ONE MORE,** | |
| *Defendant.* | |

## ORDER DENYING PLAINTIFF'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court for consideration is Plaintiff's Motion for Judgment on the Pleadings [Doc. 10]. In its motion, Plaintiff contends that it is entitled to a declaratory judgment on the grounds that an exclusionary clause within Defendant's insurance policy bars coverage. *See* 28 U.S.C. § 2201. After review and careful consideration of the parties' arguments, the Court denies Plaintiff's Motion for Judgment on the Pleadings.

### FACTUAL BACKGROUND

Plaintiff, Hudson Specialty Insurance Co., seeks a judgment declaring that it is not obligated to defend or indemnify its insured, Defendant Jus One More, against claims arising out of a fatal shooting on Defendant's premises. On March 30, 2016, Plaintiff issued Commercial General Liability Policy HSGM03448 (hereinafter "Policy") to

Defendant, providing insurance coverage for the period of March 20, 2016 to March 30, 2017. *See* [Doc. 1, at 5]. The Policy provides that Plaintiff "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies. [Plaintiff] will have the right and duty to defend the insured against any 'suit' seeking those damages." [Doc. 1-2, at 7]. The Policy further states that "[t]his insurance applies to 'bodily injury' . . . only if: the 'bodily injury' . . . is caused by an 'occurrence' that takes place in the 'coverage territory'[.]" [*Id*.]. The "Definitions" section of the Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." [*Id*., at 20]. Finally, the Policy contains an endorsement changing the Policy so that "[t]his insurance does not apply to 'bodily injury' . . . arising out of the manufacture, importation, sales, distribution, gunsmithing, ownership, maintenance or use of firearms or weapons" (hereinafter "Firearms Exclusion"). [*Id*., at 39]. Thus, the Policy provides Defendant with liability coverage for damages resulting from bodily injury occurring during the policy period, subject to the Firearms Exclusion.

On August 28, 2017, Claimant Carol Slocumb filed a wrongful death action against Jus One More, alleging that, her son, Jabrial Adams was shot and killed by a fellow business invitee at Jus One More. [Doc. 1, at 3]. Claimant further contends that Defendant's negligent security practices were the proximate cause of Adams' death and

seeks damages relating to pain and suffering, burial expenses, and the value of Adams'
life. [*Id.*, at 3-4].

Thereafter, Defendant notified Plaintiff of her wrongful death action and provided
Plaintiff with a copy of the complaint. [*Id.*, at 10]. Plaintiff responded that the Policy
barred coverage for Claimant's lawsuit pursuant to, among other things, the Firearms
Exclusion. [*Id.*]. Defendant disputed this policy interpretation, and Plaintiff filed the
instant action seeking a declaratory judgment proclaiming that Plaintiff is not obligated
to defend or indemnify Defendant from Claimant's suit because it involves the use of a
firearm. [*Id.*, at 11].

## STANDARD OF REVIEW

Plaintiff moves for judgment on the pleadings pursuant to Rule 12(c), which
provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a
party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); [Doc. 10, at 2]. Such
judgments are appropriate when the pleadings present no disputed material facts, and
the movant is entitled to judgment as a matter of law. *Douglas Asphalt Co. v. Qore, Inc.*, 541
F.3d 1269, 1273 (11th Cir. 2008). In ruling on Plaintiff's motion, the Court accepts as true
the facts set forth in the Complaint [Doc. 1],[1] construing them in the light most favorable

---

[1] Under Rule 12(d), presentation of matters outside the pleadings converts a 12(c) motion (as well as a 12(b)(6) motion) to a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d). However, "a copy of a written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Furthermore, courts have made exceptions to Rule 12's conversion provision when the attachment is both central to the plaintiff's claim and undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002)

to the non-moving party. *See id.* With the foregoing standard in mind, the Court rules as follows:

## DISCUSSION

In this diversity action, Georgia's substantive law governs the interpretation of the policy. *Travelers Prop. Cas. Co. v. Kan. City Landsmen, LLC*, 592 F. App'x 876, 881 (11th Cir. 2015) (noting that Georgia's choice of law rules dictate that insurance contracts are interpreted under the laws of the place where the contract is made, which is at the place where they are delivered). The narrow question before the Court is whether the Firearms Exclusion, as written in the Policy, shields Plaintiff from any duty to defend or indemnify its insured resulting from the underlying case in the State Court of Houston County. *See* [Doc. 1-1]. In its motion, Plaintiff contends that the Firearms Exclusion unequivocally bars insurance coverage for Claimant's action on the grounds that "losses associated with the use of a firearm are not covered." [Doc. 10-1, at 7]. The Court rejects this argument on the well-guided premise that insurance agreements are contracts subject to the ordinary interpretive principles of contract law. *See Bradham v. Randolph Trucking Co., Inc.*, 775 F. Supp. 395, 397 (M.D. Ga. 1991) (citing *Wood v. State Farm Ins. Co.*, 245 S.E.2d 876, 878 (Ga.

---

(finding that an attachment to a pleading that was central to the parties' claims and undisputedly authentic should be considered on a motion for judgment on the pleadings).

Thus, the Court considers the commercial general liability policy itself (and not merely the parties' summaries of its provisions) when ruling on Plaintiff's Motion [Doc. 10].

Ct. App. 1978). Contract interpretation, moreover, "is a question of law for the court." Ga. Code Ann. § 13-2-1.

To begin, the Court examines the agreement's language and makes a "determination as to whether the language is clear and unambiguous." *Id.* (internal quotations omitted). If the language is clear and unambiguous, the Court enforces the agreement according to its terms. *Id.; see also Club Libra, Inc. v. R.L. King Props LLC,* 751 S.E.2d 418, 419 (Ga. Ct. App. 2013). However, an "[a]mbiguity exists when more than more reasonable construction may be placed upon the language of an agreement." *Estate of Pitts v. City of Atlanta,* 746 S.E.2d 698, 702 (Ga. Ct. App. 2013); *see also Greenberg Farrow Architecture, Inc. v. JMLS 1422,* 791 S.E.2d 635, 639 (Ga. Ct. App. 2016) (defining ambiguity as "an uncertainty of meaning or expression used in a written instrument"). Furthermore, Georgia law sets a low threshold for establishing ambiguity in an insurance policy. *See St. Paul Mercury Ins. Co. v. F.D.I.C.,* 774 F.3d 702, 709 (11th Cir. 2014). And, the presence or absence of ambiguity in a contract is a question of law. *See Unifund Fin. Corp. v. Donaghue,* 653 S.E.2d 513, 515-16 (Ga. Ct. App. 2007).

Additional legal principles govern insurance agreements executed in Georgia. To start, insurance providers who seek to invoke a policy exclusion carry the burden of proving its applicability in a given case. *See State Farm Fire & Cas. Co. v. Moss,* 790 S.E.2d 831, 834 (Ga. Ct. App. 2016). Any such exclusions from coverage are to be interpreted narrowly, in favor of the insured. *See St. Paul Mercury Ins. Co. v. F.D.I.C.,* 774 F.3d 702, 709

(11th Cir. 2014); *Ga. Farm. Bureau Mut. Ins. Co. v. Smith*, 784 S.E.2d 422, 424 (Ga. 2016);

*Barrett v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 696 S.E.2d 326, 331 (Ga. Ct. App. 2010).

Finally, as contracts of adhesion, insurance agreements should be read as if by a layman;

thus, "the test [for interpretation] is not what the insurer intended its words to mean, but

what a reasonable person in the position of the insured would understand them to mean."

*Lee v. Mercury Ins. Co. of Ga.*, 808 S.E.2d 116, 123 (Ga. Ct. App. 2017). If a provision of an

insurance policy is susceptible of two or more constructions (as is the case here) and each

construction is logical and reasonable, the language in the policy is ambiguous. *Id.* When

drafting an insurance policy, the insurer carries the burden of using clear and precise

language. *Id.* at 122.

After review of the Policy, the Court finds that the Firearms Exclusion is not "clear

and unambiguous," because the exclusion does not limit or specify to *whom* it applies.

*Y.C. Dev. Inc. v. Norton*, 806 S.E.2d 662, 666; *see* [Doc. 1-2, at 39]. For example, under one

reasonable interpretation, the exclusion could be read to mean that only the *insured's* use

of "firearms" is included. [Doc. 1-2, at 39]. Under an equally reasonable interpretation,

however, the exclusion could be read to deny coverage for "bodily injury" resulting from

*any* use of "firearms," including a third party as described in the underlying Houston

County case. [*Id.*].

Finally, when a provision of an insurance policy is ambiguous, Georgia law

provides that the provision will be "construed against the party preparing it *and in favor*

*of coverage.*" *Lee*, 808 S.E.2d at 123 (emphasis added). Accordingly, by applying this constructive canon, Court concludes that the Firearms Exclusion does not bar coverage.

## CONCLUSION

Plaintiff's motion seeks declaratory relief on one ground and solely "relie[s] on the Firearms Exclusion . . . ." [Doc. 10-1, at n.5]. Thus, in accordance with the motion and its accompanying brief, the Court only decided the narrow question presented to it *by Plaintiff* at this juncture. Plaintiff's Motion [Doc. 10] and its arguments did not present "[a]ny additional policy terms and conditions [that] may be implicated by the Shooting and the Underlying Action." [*Id.*]. Therefore, other clauses that may have been discussed in Defendant's Response [Doc. 11] or Plaintiff's Reply [Doc. 14] were not addressed in this Order.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Judgment on the Pleadings [Doc. 10].

**SO ORDERED**, this 30th day of August, 2018.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**